# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY ALLEN DRIPPE, | |
| Plaintiff, | CIVIL ACTION NO. 3:06-CV-1096 |
| v. | (JUDGE CAPUTO) |
| RALPH GOTOTWESKI, | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court are Defendant Ralph Gototweski's Objections (Doc. 51) to Magistrate Judge Malachy E. Mannion's June 6, 2008 Report and Recommendation (Doc. 50) denying Defendant's motion for summary judgment. (Doc. 40.) For the reasons stated below, this Court will overrule Defendant's objections, adopt the Magistrate Judge's Report and Recommendation, and deny Defendant's motion for summary judgment.

## **BACKGROUND**

Plaintiff Jeffrey Allen Drippe's statement of facts in opposition to the current motion for summary judgment (Pl.'s Br. in Opp., Doc. 45.) reaffirmed the facts in his Amended Complaint, which alleged the following:

On or about August 1, 2004 while in the Restricted Housing Unit ("RHU") at State Correctional Institution ("SCI") Frackville, Plaintiff was forced to shower in a dirty shower area without shoes on. (Am. Compl. ¶ A, Doc. 19.) On August 4, 2004, Plaintiff became very ill with flu-like symptoms and swelling in his right leg. (*Id*. ¶ B.) Defendant asked Plaintiff if he was all right, to which Plaintiff responded that he needed medical care. (*Id*.)

Defendant told Plaintiff that his leg looked bad, but never notified or took Plaintiff to see medical staff.  (*Id*. ¶ C.)  For the next three (3) days, Plaintiff suffered deliberate indifference by prison officials to his serious medical needs.  (*Id*.)  On August 7, 2004, Plaintiff was treated by medical staff and was later diagnosed with cellulitus.  (*Id*. ¶¶ D,E.)

On May 31, 2006, Plaintiff initiated this action by the filing of a Complaint.  (Doc. 1.)  On December 15, 2006, Plaintiff filed on Amended Complaint.  (Doc. 19.)  Defendant filed his Answer on July 31, 2007.  (Doc. 23.)  On October 25, 2007, Defendant filed his response (Doc. 42, Ex. A) to Plaintiff's request for admissions.  (Doc. 29.)  In his response, Defendant denied working at the prison on August 4, 2004.  (Doc. 42, Ex. A. ¶ 2.)  He further denied seeing Plaintiff's swollen leg and receiving Plaintiff's request for medical attention.  (*Id*. ¶ 12.)  Defendant also denied personal knowledge of the entire incident that occurred between August 4 and August 7, 2008.  (*Id*. ¶ 11.)

On October 25, 2007, Defendant filed a motion for summary judgment (Doc. 40), and on June 6, 2008, Magistrate Judge Mannion issued a Report and Recommendation denying Defendant's motion.  (Doc. 50.)  Defendant timely filed his objections to the Report and Recommendation on June 20, 2008.  (Doc. 51.)  These objections are fully briefed and ripe for disposition.

## LEGAL STANDARD

I.     **Review of a Magistrate Judge's Report and Recommendation**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections

are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## II.     Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.*

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All reasonable doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See Hersh v. Allen Prods. Co.*, 789 F.3d 230, 232 (1986). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

**I.      Eighth Amendment Standard**

An Eighth Amendment claim for cruel and unusual punishment due to deprivation of medical treatment requires Plaintiff to prove: (1) that his medical needs were serious and (2) that Defendant was deliberately indifferent to these serious medical needs. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *see also Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  In order to establish deliberate indifference to Plaintiff's medical needs, Plaintiff must prove that Defendant had "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner."  *Spruill*, 372 F.3d 218, 236.

Deliberate indifference of non-medical prison personnel has been found to exist in a variety of circumstances.  Deliberate indifference exits when "prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to 'undue suffering or the threat of tangible residual injury.'" *Monmouth County Corr. Instit. Inmates v. Lanzaro*, 834 F.2d 326, 345 (3d Cir. 1987) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976)).  Deliberate indifference is also present where there is knowledge of a medical need and an intentional refusal of care.  *Id*. (citing *Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th Cir. 1985)).  Additionally, "when . . . prison authorities prevent an inmate from receiving recommended treatment . . . or deny access to [a] physician capable of evaluating the need for such treatment," deliberate indifference is present.  *Id*. (quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).  It is clear from this precedent that in order to establish deliberate indifference, a plaintiff must prove that, at a minimum, a defendant knew that the plaintiff had a serious medical need or a need to see a physician.  Defendant does

5

not object to Magistrate Judge Mannion's finding that there was a genuine issue fo material fact as to Plaintiff's serious medical injury, but to the finding of an existence of a genuine issue of material fact as to Defendant's knowledge of Plaintiff's serious medical need.

## II.     Knowledge of Plaintiff's Serious Medical Need

Defendant objects to Magistrate Judge Mannion's Report and Recommendation as to the finding of a genuine issue of material fact regarding Defendant's deliberate indifference. (Doc. 51 at 2.) This I will conduct a *de novo* review of the motion for summary judgment. *See Sample*, 885 F.2d at 1106.

The first piece of evidence before the Court is the Affidavit of Peter Damiter, the Corrections Superintendent's Assistant at SCI Frackville. (Doc. 42, Ex. B.) This affidavit states that on August 4, 2004, Defendant was not working in Plaintiff's unit. (*Id.*) Defendant was, however, working in the unit on August 5, 6, and 7, 2004. (*Id.*) Plaintiff asserts that this affidavit is an unsworn statement and cannot be used in support of Defendant's motion for summary judgment under Federal Rule of Civil Procedure 56. (Pl.'s Br. in Opp'n, Doc. 53, at 3.) Mr. Damiter's statement, however, states that it is made subject to the penalties and provisions of the law. (Doc. 42, Ex. B.) "An unsworn declaration that is dated and signed by the declarant under penalty of perjury has the same force and effect as a sworn affidavit for purposes of any requirement imposed by any federal rule or regulation." *Hughes v. Eitner*, Civ. A. No. 05-463, 2007 WL 2022088, at *1 (W.D. Pa. July 10, 2007) (citing 28 U.S.C. § 1746). Therefore, I will consider this evidence in my decision.

Defendant has also presented his response to Plaintiff's request for admissions. (Doc. 42, Ex. A.) In this response, Defendant addressed the statement, "You have

6

personal knowledge of the entire incident that occurred . . . pertaining to plaintiff'[s] medical condition and his attempts to obtain medical care." (*Id.* ¶ 11.) Defendant specifically denied any knowledge of the entire incident involving Plaintiff's illness and delay in receiving medical care. (*Id.*)

The third and final piece of evidence before the Court is an affidavit by Plaintiff attached to Plaintiff's Brief in Opposition to the present objections. (Doc. 45.) Plaintiff stated that Defendant's claim that he had no direct involvement in denial of Plaintiff's medical care is untrue. (*Id.*) He stated that Defendant possessed actual knowledge of Plaintiff's illness and was involved in delaying medical care. (*Id.*) Additionally, Plaintiff incorporated by reference all allegations in his original pleadings and affirmed their truthfulness. (*Id.*) This affidavit is the only piece of evidence presented by Plaintiff in opposition to Defendant's motion for summary judgment.

In light of these three (3) pieces of evidence, it is clear that there is a genuine issue of material fact as to Defendant's knowledge of Plaintiff's medical condition, and therefore, as to Defendant's deliberate indifference. While Plaintiff's "affirmation" of his Complaint is not appropriate evidence to be considered in evaluating a motion to dismiss, Plaintiff's statement that Defendant had knowledge of his medical condition creates a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (holding that evidence offered in opposition to a motion for summary judgment must go beyond the original pleadings). While Plaintiff's evidence in support of his claim is limited, Plaintiff stated that Defendant knew about his condition, and Defendant stated that he did not have knowledge of Plaintiff's condition - this is a classic he said / she said situation which cannot be concluded at the summary judgment stage. This issue rests on the credibility of each party, which is a matter properly decided by the

jury.  Therefore, I will adopt, although through different reasoning, Magistrate Judge Mannion's recommendation that Defendant's motion to dismiss be denied.

## CONCLUSION

For the reasons stated above, Defendant's objections will be overruled, Magistrate Judge Mannion's Report and Recommendation will be adopted, and Defendant's motion for summary judgment will be denied.

An appropriate Order follows.


August 11, 2008                                             /s/ A. Richard Caputo
Date                                                                A. Richard Caputo
                                                                         United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY ALLEN DRIPPE, | |
| Plaintiff | NO. 3:06-CV-1096 |
| v. | (JUDGE CAPUTO) |
| RALPH GOTOTWESKI, | |
| Defendant. | |

## ORDER

**NOW**, this ___11___ day of August, 2008, upon review of Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 50), **IT IS HEREBY ORDERED** that:

(1) Defendant's Objections to the Magistrate Judge's Report and Recommendation (Doc. 51) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 50) is **ADOPTED**.

(3) Defendant's motion for summary judgment (Doc. 40) is **DENIED**.

.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge