IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY DRIPPE,

    Plaintiff,

    v.

RALPH GOTOTWESKI,

    Defendants.

CIVIL ACTION NO. 3:06-1096

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Defendant Ralph Gototweski's Second Motion for Summary Judgment, (Doc. 81) filed on November 10, 2008. Defendant's motion raises the affirmative defense that Plaintiff Jeffrey Drippe failed to exhaust his administrative remedies prior to filling suit against Defendant, as required by the Prison Litigation Reform Act (PLRA), at 42 U.S.C. § 1997e(a).

Defendant's motion for summary judgment was untimely, as it was filed long after the deadline for dispositive motions set by the Scheduling Order of August 1, 2007 (Doc. 24). See In re School Asbestos Litigation, 977 F.2d 764, 794 (3d Cir. 1992) ("if the parties have been warned that they must move by a certain time and do not do so, they have waived their right to summary adjudication"). However, by raising the affirmative defense of Plaintiff's failure to exhaust, Defendant raises a question of law that must be resolved by the court before proceeding to a trial on the merits. See Pavey v. Conley, 528 F.3d 494, 496-97 (7th Cir. 2008) (holding that the question of exhaustion under § 1997e(a) should is a question for the court and should be decided before trial on the merits of a claim). Thus, this Court must address the contested issue of whether Plaintiff

exhausted his remedies through the administrative prison grievance system before filing the current suit.

Plaintiff brings a claim for violation of his Eighth Amendment rights, claiming that Defendant correctional officer was deliberately indifferent to his serious medical needs during a period of days between August 4 or 5 and August 7, 2004. Specifically, Plaintiff alleges that during that time he suffered from flu-like symptoms and excessive swelling of his leg; that he notified Defendant of his need for medical care; and that Defendant did not notify medical personnel. He finally received medical care on August 7, 2004 and was thereafter diagnosed with permanent cellulitis in the leg.

Defendant argues that Plaintiff did not file a grievance on the subject matter of the present claim. He notes that Plaintiff has filed a total of five (5) grievances during his incarceration, but argues that none are relevant to this suit. Plaintiff argues that his grievance filed on September 7, 2004 encompasses his claim against Defendant. Defendant agrees that the administrative appeals process was properly completed for this grievance. Thus, the question is whether the current claim is within the scope of the September 7, 2004 grievance. The Court finds that it is not.

While the Supreme Court has noted that nothing in the PLRA imposes a "name all defendants" requirement, it has also recognized that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 922, 923 166 L. Ed. 2d 368 (2007). As noted by the Third Circuit in Spruill v. Gillis, 372 F.3d 218, 233 (3d Cir. 2004), the relevant prison administrative requirement, DC-ADM 804,

2

provides:

> The inmate shall include a statement of the facts relevant to the claim. The text of the grievance shall be legible, presented in a courteous manner, and the statement of facts shall not exceed two (2) pages. The inmate should identify any persons who may have information that could be helpful in resolving the grievance. The inmate should also include information on attempts to resolve the matter informally. The inmate may also specifically state any claims he/she wishes to make concerning violations of Department directives, regulations, court orders, or other law. The inmate may include a request for compensation or other legal relief normally available from a court.

"The purpose of this regulation is to put the prison officials on notice of the persons claimed to be guilty of wrongdoing." Id. at 234.

Plaintiff entitles his September 7, 2004 grievance "Medical Negligence and Malpractice." In it, he complains of the care he received for his leg injury after his diagnosis with cellulitis on August 7, 2004. He does not mention Defendant, nor anything related to the days leading up to his alleged August 7 diagnosis. Moreover, in his first appeal from the denial of this grievance, Plaintiff focuses again on the quality of the medical care he received after diagnosis, particularly on the fact that he was not permitted to see a specialist until a late date. He states in his appeal: "Due to this extended period of time - the time from the initial problem on August 7th, 2004, to the [sic] September 2004 [when Plaintiff saw a specialist] - the Reading Hospital specialist informed me I may have permanent nerve damage...." (emphasis added).

It is clear from the September 7, 2004 grievance that Defendant was never mentioned, nor was the time period at issue in this suit. Plaintiff's focus was the medical care he received *after* August 7, 2004. The grievance cannot fairly be said to have given

3

prison officials notice of the person claimed here to be guilty of wrongdoing, nor the conduct that constituted the alleged constitutional violation. Therefore, the Court sustains Defendant's affirmative defense that Plaintiff failed to exhaust his administrative remedies as to the particular claim at issue here and dismisses the case.

NOW, this 17th day of November, 2008, **IT IS HEREBY ORDERED THAT** Defendant's affirmative defense of failure to exhaust is **SUSTAINED** and Plaintiff's claim is **DISMISSED**. The Clerk of the Court shall mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge